# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOANN HESSEL | : | CASE NO.: 3:11-cv-14 |
| | : | |
| | : | JUDGE: Hon. Thomas M. ROSE |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, et. al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFF'S MEMORANDUM CONTRA TO THE DEFENDANTS' MOTION TO DISMISS ALL CAUSES

NOW COMES the Plaintiff, by and through counsel, to respectfully provide the following Memorandum Contra in opposition to the Defendants' Motion to Dismiss all causes; to be included herein by reference. The Plaintiff requests that this court deny the Defendants' Motion or alternatively order oral arguments as to the merits of the case.

Respectfully submitted,

THE MARK BAMBERGER CO., LLC

_/S/ *Mark J. Bamberger* _____
Mark J. Bamberger, Esq. (OH# 0082053)
8 S. 3rd Street
Tipp City, Ohio 45371
(O) (877) 644-8181
(F) (937) 405-1491
mark@bambergerlaw.com
*Attorney for Joann Hessel*

**MEMORANDUM CONTRA**

Background

The Plaintiff filed the subject civil complaint following allegedly discriminatory and harmful treatment upon her by all named Defendants, including the United States Postal Service ("USPS") and its representatives. In her initial complaint, the Plaintiff alleged: (1) hostile workplace; (2) intentional infliction of emotional distress; and (3) violations of the American with Disabilities Act. Therein, the Plaintiff listed chronologically and in detail the actions taken by the USPS and its employees. The Plaintiff is a disabled military veteran who put in many years of loyal service with the USPS. The actions of the named Defendants were not only actionable, but as the Plaintiff will proffer, not covered under the Defendants' myriad sovereign immunity arguments.

The evidence provided in the pleadings of this case before this court tells two very different stories. On the one hand, the Plaintiff alleges overt discrimination and derogatory abuse by the Defendants leading to direct and causal injury; which will be proven through discovery. Conversely, the Defendants proffer that no such abuse ever took place or alternatively that what was done was undeniably done within the reasonable scope of employment by each and every Defendant.

The Defendants' 12(b)(1) argument

The Defendants proffer the argument that the subject complaint should dismissed since it fails to satisfy subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1). Defendants' Motion at 3. They properly enunciate that the standard is similar to court's standard for review under 12(b)(6). Defendants' Motion at 4. See also *Ohio Nat'l Life Ins. Co. v. United States* (1990),

992 F.2d 320 (6th Cir.). In reviewing the facial attack on the complaint, under Fed Civ. R. 12(b)(6) a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim. In its liberality, the rule erects a powerful presumption against dismissing pleadings for failing to state a cognizable claim for relief in federal courts. *Maez v. Mountain States Tel & Tel., Inc.* (1995), 54 F.3d 1488, 1496 (10th Cir.), *Garrett v. Tandy* (2002), 295 F.3d 94, 97 (1st Cir.). Such dismissals are disfavored and, in the view of the Rules' "notice pleading" requirements, are not routinely granted. *Gregson v. Zurich American, Ins. Co.* (2003), 322 F.3d 883, 885 (5th Cir.). A claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41 (1957), *Hishon v. King & Spaulding* (1984), 467 U.S. 69, 73. In determining whether or not to grant a motion to dismiss pursuant to Fed. Civ.R. 12, the court may not rely on evidence outside the complaint. In other words, a motion to dismiss that raises matters outside the pleadings must be converted to a Fed. Civ .R. 56 motion for summary judgment. *Id.*, Fed. Civ.R. 12(B)(6).

"Scope of employment" is defined as conduct: (1) of the kind which his is employed to do; (2) that occurs substantially within limits of time and space; and (3) is actuated, at least in part, by a purpose to serve the employer". *Martinek v. United States* (2003), 254 F.Supp.2d 777, 783 (S.D. Ohio), Defendants' Motion at 7. In the case at bar, the Defendants challenge to the facial efficacy of the Plaintiff's arguments can be immediately challenged. If the facts of the case are interpreted to the favor of the Plaintiff, the Defendants were indeed acting outside the appropriate scope of the employment; thus delegitimizing Defendants USPS, Duberglass, Anson, and Adams' basal argument.

The Plaintiff speaks with candid detail in her initial complaint of specific instances of the Defendants' verbal abuse, discrimination against her disability, humiliation of her; personally and professionally, and actions taken that were known or should have been known to cause mental, if not physical harm to the Plaintiff. Affidavits to the contrary run directly counter to the facts alleged in the Plaintiff's complaint. If this be the case, the Defendants' 12(b)(1) deficiency claim must fail, or at least be considered colorable, which would in turn make dismissal of this case at the outset inappropriate and untimely. The argument comes down to whether the named Defendants' actions lie within the scope of their employment and that should be a decision for the trier of fact, not made at this early stage in litigation.

The Defendants' Sovereign Immunity and Federal Torts Claims Act arguments

The Defendants state that the "Plaintiff makes it very clear in her Complaint that all of the individual defendants were acting within the scope of the employment with USPS in regard to all her claims against the defendants". Defendants' Motion at 2. This is a disingenuous reading of the Plaintiff's language or her meaning. Although she clearly states that the named Defendants were at the Defendant USPS building at the time they committed the alleged actions and in fact were "on the clock" at work, their actions were by all reasonable measure not appropriate for their job duties or listed in their job descriptions. Therefore, their actions were indeed outside the scope of their listed or expected duties. In either case, this is a colorable issue that renders the Defendants' Motion unripe and inappropriate at this time. As pertinent to the Defendants' 12(b)(1) claims, here the Defendants expect the court to accept facially the assertions of the Defendants over those of the Plaintiffs. See *United States v. Sherwood* (1941), 312 U.S. 582 or *Dept. of the Army v. Blue Fox, Inc.* (1999), 525 U.S. 255. The Plaintiff

respectfully proffers that it would be wholly premature for this court to do so at this early stage of litigation.

The Defendants' citation of sovereign immunity providing a complete bar to litigation is also used to provide cover for themselves under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§1346 et. seq. and the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. §2679, et. seq. If this court were to accept the Defendants' assertions that all named Defendants acted throughout the time frame of the alleged actions against the Plaintiff within their scope of duty, the Plaintiff would be hard-pressed to counter. However, at the very least, an oral hearing is indicated for this court to be able to judge what is an obviously very different reading and interpretation of these federal acts.

As discussed by the Defendants (Defendants' Motion at 5), 28 U.S.C. §§1346(b)(1) provides a waiver to sovereign immunity where the Defendant, as a United States governmental entity, would be otherwise bound if their acts were actionable if it were a private citizen. See also *United States v. Orleans* (1976), 425 U.S. 807. Here, and once more, the Defendants assume that they can be shielded as a federal agency and its representative employees since they were acting within the scope of the employment. If the court were to find them outside this cocoon of activity, they would be as liable under the FTCA as a private citizen and therefore under the jurisdiction of this court without immunity, sovereign or otherwise.

The Defendants' Substitution argument

This same argument applies to the Defendants' argument that the individually named Defendants should be substituted by the United States. Should this court decide through review or subsequent oral arguments that the individuals were not acting within their appointed scope of

duties, they should thusly not be entitled to hide behind the federal government for their actions. The logical interpretation of such a ruling would be to allow any action, no matter how violent, illegal, or legal actionable, to be subsumed by governmental protection.  Surely the congressional framers of the cited acts did not intend such a draconian interpretation.

Conclusion

For the rationale presented herein, the Plaintiff proffers that the Defendants' Motion is inappropriate and respectfully requests that this court deny it in its entirety.  Alternatively, she requests oral arguments on these issues.

                THE MARK BAMBERGER CO., LLC

                ___/S/ ***Mark J. Bamberger***_____
                Mark J. Bamberger, Esq.
                *Attorney for Jo Ann Hessel*

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served upon Defendants' counsel Grey Dunsky, Esq. via ECF on its day of filing.

                __/S/ ***Mark J. Bamberger*** _____
                Mark J. Bamberger, Esq.
                *Attorney for Jo Ann Hessel*