**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**


**JOANN HESSEL,**

       *Plaintiff*,

v.                                                                                               Case No. 3:11-cv-014
                                                                                         Judge Thomas M. Rose

**UNITED STATES POSTAL SERVICE,**
*et al.*,

       *Defendants*.

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO: (1) SUBSTITUTE THE UNITED STATES AS PARTY DEFENDANT FOR THE THREE INDIVIDUAL DEFENDANTS; AND (2) DISMISS ALL CAUSES OF ACTION AGAINST ALL DEFENDANTS. DOC. 7.**

---

This matter is before the Court for decision on Motion of Defendants United States Postal Service, Jason Adams, Daryl Duberglass, Aaron Anson, and all other Jane and/or John Does to Substitute the United States as a Party Defendant for the Three Individual Defendants, and to Dismiss All Causes of Action Against All Defendants. Doc. 7. Plaintiff brought suit against Defendants in the Federal District Court for the Southern District of Ohio asserting claims of intentional infliction of emotional distress against Adams, Duberglass, and Anson, and the United States Postal Service and violations of the Americans with Disabilities Act of 1990, and unlawful discriminatory practices under Ohio Revised Code § 4112.02 and 42 U.S.C. § 2000e against the Postal Service. Defendants then filed the instant Motion, claiming that the United

States should be substituted as a party for Defendants Adams, Duberglass, and Anson. In addition, Defendants move this Court to dismiss all causes of action as barred by the jurisdictional limitation of the Federal Tort Claims Act and failure to exhaust administrative remedies. Because Defendants Adams, Duberglass, and Anson acted in the scope of their employment, the Court will grant Defendant's Motion to Substitute the United States as a Party Defendant. Defendant's Motion to Dismiss All Causes of Action Against All Defendants will be granted.

**I.     Background**

According to the Complaint, Plaintiff is a former employee of Defendant United States Postal Service, located in Montgomery County, Ohio. Defendant United States Postal Service employed Plaintiff for approximately five years. During this time, Plaintiff endured several medical conditions. These included spinal cord surgery, resulting complications from the surgery, paralysis, and exacerbated pain. Consequently, Plaintiff required special accommodations from Defendant United States Postal Service during her employment so as to properly abate future injury and alleviate Plaintiff's discomfort while on the job.

In April 2010, Plaintiff informed her supervisor of her physical ailments. It was subsequently determined that Plaintiff had protruding and herniated discs. On June17, 2010, doctors directed Plaintiff to avoid heavy lifting or repetitive work. Plaintiff continued to suffer increasing pain, and she requested fewer working hours. Plaintiff alleges that, despite her requests and precarious medical conditions, Defendant Adams ordered Plaintiff to work her entire shift on July 15, 2010. Furthermore, Defendant Adams allegedly told Plaintiff that she would be charged with unauthorized leave if she abandoned her shift to seek medical treatment.

Plaintiff visited the V.A. Hospital Urgent Care after her shift where she was directed to avoid standing for more than two hours without a break. Subsequently, Plaintiff's supervisors allowed Plaintiff a twenty to thirty-minute break every two hours while Plaintiff was at work.

On the evening of September 24, 2010, Defendants Anson and Adams instructed Plaintiff to complete a physically-demanding task. Plaintiff reminded Defendants of her medical restrictions, but this reminder was allegedly disregarded by Defendant Adams. Plaintiff reported the event to the human resources department on September 25, 2010. A meeting involving Plaintiff, a United States Postal Service National Reassessment Process representative, and a union representative was called on September 29, 2010. In this meeting, Plaintiff was informed that she was being sent home because there was no work for her. Plaintiff was placed on administrative leave and provided the relevant paperwork requiring her completion.

On October 21, 2010, Plaintiff went to the Dayton branch of the United States Postal Service to have her supervisor complete the requisite worker's compensation paperwork. Defendant Anson refused to fill out the worker's compensation paperwork. Doc. 1 at § 42. Plaintiff stopped to talk with a co-worker on her way out of the building. Defendant Anson allegedly interrupted the conversation and informed Plaintiff that she needed to immediately vacate the premises. While in the parking lot, Plaintiff came across a former supervisor. Plaintiff asked this supervisor if he would be willing to complete Plaintiff's paperwork. Yelling from the dock, Defendant Anson again informed Plaintiff she needed to leave the premises. Plaintiff reported the incident to her union representative. Plaintiff alleges that the incident led to a post traumatic stress disorder relapse.

Plaintiff then filed the instant action, alleging intentional infliction of emotional distress,

violations of the Americans with Disabilities Act of 1990, and unlawful discriminatory practices under Ohio Revised Code § 4112.02 and 42 U.S.C. § 2000e.

**II.     Standard of Review**

Defendants filed the instant motion pursuant to Fed. R. Civ. P. 12(b)(1) asserting that this Court lacks jurisdiction over the subject matter of Plaintiff's claims. Specifically, Defendants levy a factual attack against the Complaint. In other words, Defendants have questioned the veracity of the facts which determine whether this Court has subject matter jurisdiction over Plaintiff's claims.

When reviewing the complaint under a factual attack, no presumptive truthfulness applies to the complaint's factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The court must weigh any conflicting evidence to determine whether subject matter jurisdiction exists or does not exist. *Id.* The court possesses a wide discretion to allow affidavits, documents, and a limited evidentiary hearing to resolve the jurisdictional question. *Id.* A dismissal under a 12(b)(1) motion allows for the "possibility of repleading the action to bring it within the subject matter jurisdiction of the court." *Id.* See also *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

**III.    Analysis**

**A.      First Cause of Action – Intentional Infliction of Emotional Distress**

Plaintiff's first cause of action asserts intentional infliction of emotional distress against all Defendants: Adams, Duberglass, Anson and the United States Postal Service.  The motions request that the Court substitute the United States of America for the individual defendants, then requests that the Court dismiss this claim against the United States of America, and then requests

4

that the Court dismisses the claim as against the United States Postal Service.

**1. Whether Adams, Duberglass, and Anson Acted in the Scope of their Employment**

Plaintiff acknowledges that a central issue in Defendant's Motion is whether the individual Defendants acted within the scope of their employment. If the individual Defendants were in the scope of their employment, then the United States should be substituted as a party for Defendants Adams, Duberglass, and Anson pursuant to the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679 (1988), amending the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, (more commonly known as the "Westfall Act").

This analysis begins by noting that Plaintiff's First Cause of Action against Defendants Adams, Duberglass, and Anson is a tort claim – Intentional Infliction of Emotional Distress. The Westfall Act provides immunity to government employees against such claims so long as the employees were acting in the scope of their employment at the time of the incident from which the plaintiff's claim arose. 28 U.S.C. § 2679(d). Further, any civil action "commenced upon such a claim . . . shall be deemed an action against the United States . . . and the United States shall be substituted as a party defendant." 28 U.S.C. § 2679(d)(1). The action is then to proceed in the same manner as any action or proceeding against the United States under 28 U.S.C. § 1346(b). *Eubank v. Kansas City Power & Light Co.*, 626 F.3d 424, 429 (8th Cir. 2010). Thus, for the United States to be substituted as a party for Defendants Adams, Duberglass, and Anson, these three defendants must be government employees acting in the scope of their employment.

Defendants Adams, Duberglass, and Anson are government employees because they work for a federal agency – the United States Postal Service. *See* 28 U.S.C. §§ 2671, 2679(b)(1). Contrary to Plaintiff's argument, the issue of whether Defendants Adams, Duberglass, and

5

Anson were acting in the scope of their employment is one of law, not fact. *RMI Titanium Co. v. Westinghouse Elec. Corp.* 78 F.3d 1125, 1143 (6th Cir. 1996). The scope of employment issue is one that this Court may decide when determining whether the United States may be substituted as a party for a government employee. *See Id.* at 1142-44. In addition, the United States Attorney's certification is *prima facie* evidence that the employee's conduct was within their scope of employment. *Id.* at 1143; *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996). Finally, scope of employment is defined as conduct: (1) of the kind which the employee is employed to perform; (2) occurs substantially within the authorized limits of time and space; (3) and is actuated, in part, by a purpose to serve the employer. *Martinek v. United States*, 254 F. Supp. 2d 777, 783 (S.D. Ohio 2003).

Considering the United States Attorney's certification and the allegations made in the Complaint, Defendants Adams, Duberglass, and Anson's conduct was within the scope of their employment. The Defendants' decisions were supervisory decisions that they were all employed to perform: telling Plaintiff she must work her entire shift, moving Plaintiff to manual primary work, sending Plaintiff to the dock to sort flats, and telling Plaintiff to leave the United States Postal Service premises. These decisions were undertaken to serve their employer – the United States Postal Service, and no one else. Moreover, the complaint describes each individual defendants as being "employed by" the Postal Service and as having "acted directly in the name of" the Postal Service. Doc. 1 at ¶¶ 8, 9, 10, 11. Even if one would try to characterize the individual Defendant's actions as reckless or malicious, such malicious or reckless actions are "an employee's actions if the employee is acting within the course of employment and within his authority." *RMI Titanium*, 78 F.3d at 1144. Decisions like management of personnel and the

6

propriety of an individual's presence on the United States Postal Service's property were all supervisory in nature and were within Defendants' authority. This conclusion is presumptively established by the United States Attorney's certification and Plaintiff has presented no evidence to rebut it. Therefore, because Defendants Adams, Duberglass, and Anson acted in the scope of their employment, the United States must be substituted as a party pursuant to 28 U.S.C. § 2679(d)(1), and the claims against Defendants Adams, Duberglass, and Anson are dismissed.

### 2. Plaintiff's First Cause of Action Against the United States

Once the United States has been substituted as a party, the action proceeds as one brought against the United States. 28 U.S.C. § 2679(d)(4). As sovereign, the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Further, waiver of the Government's immunity must be expressed in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Federal Torts Claims Act contains such a wavier. Under the Federal Torts Claims Act, the United States has consented to be sued for the tortuous actions of its employees when they act in the scope of their employment. 28 U.S.C. § 1346(b)(1). However, a District Court's subject matter jurisdiction to hear such a claim is limited by 28 U.S.C. § 2675(a). Under this section, a claim brought under the Federal Torts Claims Act may not be brought unless claimants have exhausted their administrative remedies. 28 U.S.C. § 2675(a) (". . . An action shall not be instituted upon a claim against the United States unless . . . the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.")

When reviewing a 12(b)(1) motion to dismiss that factually attacks the complaint, this

Court possesses the discretion to allow affidavits and documents in order to resolve the jurisdictional question. The declaration of Linda K. Crump, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center, states that Plaintiff has presented no administrative claim to the United States Postal Service. Doc. 7-2. Plaintiff has therefore failed to satisfy the jurisdictional requirement for bringing a claim against the United States under the Federal Torts Claims Act. This Court lacks jurisdiction over the subject matter of Plaintiff's First Cause of Action against the United States to the extent that Plaintiff's intentional infliction of emotional distress claim is brought under the Federal Torts Claims Act. Accordingly, Plaintiff's First Cause of Action for intentional infliction of emotional distress against the United States under the Federal Torts Claims Act is dismissed.

**3. Plaintiff's First Cause of Action Against the United States Postal Service**

Plaintiff's First Cause of Action against the United States Postal Service ("USPS") is dismissed inasmuch as Plaintiff brings the claim under the Federal Torts Claims Act, 28 U.S.C. § 1346 *et seq*. It is well-established that a federal agency may not be sued unless such suits are authorized by Congress. *Good v. Ohio Edison Co.*, 149 F.3d 413, 417 (6th Cir. 1998). A federal agency may not be sued under the Federal Torts Claims Act, and the United States is the only proper defendant in a claim brought under that Act. 28 U.S.C. § 2679(a); *Courtney v. Secretary of Health and Human Services*, 103 F.3d 129 (6th Cir. 1996). Thus, this Court would lack the jurisdiction to hear a claim brought against USPS under the Federal Torts Claims Act. Accordingly, because Plaintiff's intentional infliction of emotional distress claim against the USPS is brought under the Federal Torts Claims Acts this Court lacks subject matter jurisdiction to hear the claim. Therefore, the claim is dismissed.

**B.      Plaintiff's Second Cause of Action – Violations of the Americans with Disabilities Act of 1990**

Plaintiff alleges that Defendants USPS and the United States violated the Americans with Disabilities Act of 1990 ("ADA"). As Defendant rightfully points out, the entire federal government is excluded from the definition of employer under the ADA. *See* 42 U.S.C. § 1211(5)(B)(i). Thus, Plaintiff may not bring her Second Cause of Action against the United States or the USPS on account of the fact that the federal government is excluded from coverage under the ADA. Accordingly, Plaintiff's Second Cause of Action under the ADA is dismissed.

Plaintiff's Second Cause of Action may be brought under the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et. seq.* However, a plaintiff brining a claim under the Rehabilitation Act must exhaust the administrative remedies available to them, prior to filing suit in a federal court. *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992); see also *Mickulicz v. Garthwait*, 2000 U.S. App. LEXIS 22248, **2-3 (6th Cir. Aug. 22, 2000). "The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, 'the preferred means for resolving employment discrimination disputes.'" *Haithcock*, 958 F.2d at 675 (quoting *Parsons v. Yellow Freight Systems, Inc.*, 741 F.2d 871 (6th Cir. 1984) and citing *Alexander v. Gardner -Denver Co.*, 415 U.S. 36, 44 (1974)). Courts have thus held that an employee who does not initially follow the administrative steps outlined in the Code and Regulations is precluded from bringing an action before a federal court. E.g., *Tisdale v. Fed. Express Corp.*, 415 F.3d 527 (6th Cir. 2005). These rules also apply to retaliation claims that are based on conduct that occurred before the filing of the original charge. *Id.*

As the Sixth Circuit has recognized, the administrative procedures provided by the

Rehabilitation Act require an employee to:

> (1) initially present a grievance to an EEOC counselor withing 45 days of the alleged offense, which begins the informal "counseling" stage of the administrative proceeding, 29 C.F.R. § 1614.105(a)(1);
>
> (2) subsequently, if informal "counseling" fails to resolve the conflict, the complainant must file a formal written charge of discrimination with the Postal Service within 15 calendar days of receipt of written notice from the agency that the "counseling" segment of the administrative process has ended, 29 C.F.R. § 1614.106(b);and
>
> (3) if, following the aggrieved's formal written charge of discrimination and subsequent administrative proceedings, the agency's final administrative adjudication is adverse to the grievant, initiate any judicial contest of that decision within 90 days following notice thereof, 42. U.S.C. § 2000e-16(c).

*King v. Henderson*, 230 F.3d 1358 2000 WL 1478360, *1 n.2 (6th Cir. Sept. 27, 2000); see also 29 C.F.R. § 1614.407(a).

A declaration by Mary Etta Johnson was filed in support of Defendants' Motion. Johnson is the EEO Manager, Dispute Resolution, EEO Field Operations, Eastern Area/Region 4 with the USPS. (Exhibit 3, Johnson Decl., ¶1.) Her search of the USPS EEO Complaints Database Systems found that Plaintiff filed only one EEO claim with the USPS. (*Id.*, ¶ 4.) This claim originated when Plaintiff made initial contact with the EEO office on June 24, 2008. (*Id.*, ¶ 6.) Plaintiff was issued a Notice of Right to File letter in that case on September 4, 2008 and was advised that she had to file her formal complaint within 15 calendar days. (*Id.*, ¶ 8.) Plaintiff failed to file her formal EEO complaint and therefore did not exhaust the administrative EEO process. (*Id.*, ¶ 9.)

Plaintiff did not begin the EEO administrative process on any other employment

discrimination claim that she may have had with the USPS. Since Plaintiff failed to exhaust her administrative remedies as to any and all of her employment discrimination claims growing out of her employment with the USPS, Plaintiff's Second and Third Causes of Action must be dismissed due to a lack of subject matter jurisdiction in this civil action.

**C.**     **Plaintiff's Third Cause of Action – Unlawful Discriminatory Practices**

Plaintiff alleges that all Defendants utilized unlawful discriminatory practices in violation of state and federal law. As regards the state law claims, however, in *Brown v. General Serv. Admin.*, the Supreme Court held that Title VII. (42 U.S.C. § 2000e, *et seq.*) provides "an exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835 (1976); *Wallace v. Henderson*, 138 F. Supp. 2d 980, 983 (S.D. Ohio 2000). The Sixth Circuit has similarly found that a plaintiff "may not pursue a claim for discrimination in the federal workplace, other than one under Title VII." *Wallace*, 138 F. Supp. 2d at 983. Accordingly, Plaintiff may seek redress for her discrimination claims under Title VII, but Title VII preempts Plaintiff's state law discrimination claims. Therefore, Plaintiff's discrimination claims brought under state law are dismissed.

As regards Plaintiff's Title VII claims, a federal employee who wishes to assert employment discrimination claims under Title VII must also exhaust her administrative remedies. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976); *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002). Plaintiff was required to bring her complaints to the attention of an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

## IV. Conclusion

Because Defendants Adams, Duberglass, and Anson acted in the scope of their employment, the United States should be substituted as a party for those Defendants, and Plaintiff's claims against Defendants Adams, Duberglass, and Anson are **DISMISSED**. To the extent Plaintiff brings her First Cause of Action against the United States and the USPS under the Federal Torts Claims Act, Plaintiffs First Cause of Action is **DISMISSED**. Because the federal government does not fall within the purview of the ADA, Plaintiff's discrimination claims under the ADA are **DISMISSED**. Finally, Plaintiff's state law discrimination claims are **DISMISSED**, because Title VII is the exclusive avenue for claims of discrimination in federal employment and Plaintiff's Title VII claims are **DISMISSED** for failure to exhaust administrative remedies. Thus, Motion of Defendants United States Postal Service, Jason Adams, Daryl Duberglass, Aaron Anson, and all other Jane and/or John Does to Substitute the United States as a Party Defendant for the Three Individual Defendants, and to Dismiss All Causes of Action Against All Defendants, doc. 7, is **GRANTED** and the instant case is **TERMINATED** on the dockets of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Thursday, December 22, 2011.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE